UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARTHUR ALDI, JR. and | : | |
| SHERRY ALDI, | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | 3:14-cv-00089-WWE |
| | : | |
| WELLS FARGO BANK, NA, and | : | |
| GERALD M. DELMATO, | : | |
|     Defendants. | : | |

### MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS

This is an action by plaintiffs Arthur and Sherry Aldi against defendants Wells Fargo Bank and Gerald M. Delmato alleging misrepresentation (Count I), promissory estoppel (Count II), fraud (Count III), and breach of agreement (Count IV). Plaintiffs also seek declaratory judgment (Count V) that Wells Fargo may not require satisfaction of the reverse mortgage loan obligations until Mrs. Aldi ceases using the Aldi's residence as her primary home (in the event that Mr. Aldi predeceases her).

Defendants have moved to dismiss the entire complaint. For the following reasons, defendants' motion to dismiss will be granted in part and denied in part.

### BACKGROUND

The following background is taken from the allegations of the complaint, which are assumed to be true for purposes of this decision.

In 2004, plaintiffs consulted with Mr. Delmato with regard to obtaining a reverse mortgage on their residence located at 9 Ridgewood Drive, Norwich, Connecticut. At that time, both Mr. And Mrs. Aldi were owners of the property. Mr. Aldi was 69 years old; Mrs. Aldi was 53. Mr. Delmato held himself out as a reverse mortgage consultant acting on behalf of Wells

Fargo.

Mr. Delmato informed plaintiffs that they could not obtain a reverse mortgage so long as Mrs. Aldi remained an owner of their property. Mr. Delmato suggested that if Mr. Aldi was the sole owner of the property that plaintiffs would be able to obtain a reverse mortgage.

Mr. Delmato promised that once Mrs. Aldi reached the age of 62 years, she could be added to the reverse mortgage, thereby preventing Wells Fargo from obtaining possession of the premises at any time before the death of *both* Mr. and Mrs. Aldi. Relying on that representation, plaintiffs transferred ownership of the property solely to Mr. Aldi on November 22, 2004.

On November 24, 2004, Mr. Aldi entered into a reverse mortgage with defendant Wells Fargo.

In 2013, when Mrs. Aldi reached the age of 62, plaintiffs requested that she be added to the reverse mortgage, as previously contemplated. Despite repeated demands, Wells Fargo has refused to add Mrs. Aldi to the reverse mortgage. Consequently, if Mr. Aldi were to predecease his wife, their home would be subject to immediate foreclosure.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 556 (2007).   A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendants make the following arguments in support of their motion to dismiss:

A. The First and Third Counts of the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because they are time-barred.

B. The entire Amended Complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction because its claims are not ripe for judicial review.

C. The First though Fourth Counts of the Amended Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief may be granted because they fail to allege that plaintiffs have suffered damages.

D. The First and Third Counts of the Amended Complaint must be dismissed pursuant to Rule 9(b) of the Federal Rules of Civil Procedure for failure to state a claim on which relief may be granted because they fail to adequately allege that defendants intended to defraud plaintiffs.

E. The First Count of the Amended Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief may be granted because it fails to state a claim for negligent misrepresentation.

F.        The Second, Fourth and Fifth Counts of the Amended Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief may be granted because they are barred by the statute of frauds.

G.        The Second Count of the Amended Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief may be granted because it fails to state a claim for promissory estoppel.

H.        The Fourth Count of the Amended Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief may be granted because it fails to allege that Mrs. Aldi's purported agreement with Wells Fargo was supported by adequate consideration.

I.        The Fifth Count of the Amended Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief may be granted because it fails to establish grounds that defendants violated 12 U.S.C. § 1715z-20, and no private right of action exists.

J.        In the alternative to dismissal, if the Court does not order dismissal of the Amended Complaint it must order the joinder of the Secretary of Housing and Urban Development to this action pursuant to Rule 19(a) of the Federal Rules of Civil Procedure because, if plaintiffs' claims survive dismissal, the Secretary is a necessary party to them.

Defendants argue that plaintiffs' claims are time-barred and not ripe for judicial review. Alternatively, defendants argue that plaintiffs' fraud and misrepresentation claims were not pleaded with particularity as required by Rule 9(b). Finally, defendants contend that plaintiffs' breach of contract, promissory estoppel, and declaratory relief should be dismissed for failure to state a claim upon which relief can be granted. If the case is not dismissed, defendants request that the Secretary of Housing and Urban Development be joined as a necessary party pursuant to Rule 19(a).

### A. Statute of Limitations

Defendants argue that plaintiffs' claims for misrepresentation and fraud are barred by Conn. Gen. Stat. § 52-577's three year statute of limitations because they are based upon the misrepresentations made by Mr. Delmato in 2004, almost ten years before initiation of this case.

"Nevertheless, the limitations period must be tolled when defendants . . . have fraudulently concealed the existence of a cause of action and/or have breached their ongoing fiduciary duties of disclosure." Fenn. v. Yale University, 282 F. Supp. 2d 615, 636 (2003).

> Connecticut courts have specifically refused to define a fiduciary relationship in precise detail and in such a manner as to exclude new situations. Instead, a fiduciary relationship exists where there is a justifiable trust confided on one side and a resulting superiority and influence on the other. A fiduciary relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interest of the other. The superior position of the fiduciary or dominant party affords him great opportunity for abuse of the confidence reposed in him. A bank, as a mortgagee lender, may be the fiduciary of the mortgagor borrower when the bank becomes the borrower's financial advisor.

Southbridge Associates, LLC v. Garofalo, 53 Conn. App. 11, 18 (1999).

Here, plaintiffs have alleged that Mr. Delmato, acting as an agent of Wells Fargo, held

himself out as a reverse mortgage advisor.  Moreover, under Connecticut's continuing course of conduct doctrine, the statute of limitations does not begin to run until the course of conduct is completed.  Vanliner Ins. Co. v. Fay, 98 Conn. App. 125, 140 (2006).  Here, the alleged misrepresentation and fraud were not completed until Wells Fargo refused to add Mrs. Aldi to the mortgage when she reached the age of 62.  Indeed, had Wells Fargo agreed to add Mrs. Aldi to the mortgage in 2013, it would have neutralized any claims of misrepresentation or fraud.

"[A] precondition for the operation of the continuing course of conduct doctrine is that the defendant must have committed an initial wrong upon the plaintiff.  Second, there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That continuing wrongful conduct may include acts of omission as well as affirmative acts of misconduct."  Id.

As a bank may be a fiduciary of the mortgage borrower, and Wells Fargo's refusal to add Mrs. Aldi to the mortgage can be viewed as a later wrongful act related to the prior act (Mr. Delmato's misrepresentation), the continuing course of conduct doctrine tolls the statute of limitations.  See id.  Drawing all reasonable inferences in favor of plaintiffs, their claims of misrepresentation and fraud will not be dismissed on statute of limitations grounds.

**B. Ripeness**

**and**

**C. Damages**

Defendants argue that plaintiffs' claimed injury is merely hypothetical, as Mr. Aldi may outlive his wife, making her addition to the reverse mortgage immaterial.  The Court is not persuaded.  Here, the shifting of additional risk onto plaintiffs is itself an injury.  Plaintiffs have

adequately alleged injury through their detrimental change in position.

### D. Fraud

Defendants argue that plaintiffs have failed to allege that defendants knew of the alleged falsity, or acted with a reckless disregard for the truth with regard to the representation that once Mrs. Aldi reached the age of 62 years, she could be added to the reverse mortgage.

> The essential elements of an action in common law fraud ... are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury.

Simms v. Seaman, 308 Conn. 523, 548 (2013).

> Claims that sound in fraud are subject to the heightened pleading standards of Fed.R.Civ.P. 9(b), which requires that averments of fraud be stated with particularity. To satisfy this requirement, a complaint must specify the time, place, speaker, and content of the alleged misrepresentations, explain how the misrepresentations were fraudulent and plead those events which give rise to a strong inference that the defendant had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth.

Cohen v. S.A.C. Trading Corp, 711 F.3d 353, 359 (2d Cir. 2013).

Defendants contend that plaintiffs allege "a mere negligence standard," but plaintiffs' complaint states that Mr. Delgado held himself out as a reverse mortgage consultant and advisor. As such, his false representation, at a minimum, represents a reckless disregard for the truth. Accordingly, plaintiffs' fraud claims will not be dismissed for failure to plead fraud with particularity.

### E. Negligent Misrepresentation

An action for negligent misrepresentation requires that: (1) defendant made a misrepresentation of fact; (2) defendant knew or should have known that the representation was

7

false; (3) plaintiff reasonably relied upon the misrepresentation; and (4) plaintiff suffered pecuniary harm as a result.  Glazer v. Dress Barn, Inc., 274 Conn. 33, 73 (2005).

Defendants argue that plaintiff's reliance was not reasonable because Mr. Delmato did not guarantee that Mrs. Aldi would be added to the reverse mortgage and because an agreement to agree in the future is not enforceable.

Mr. Delmato, a reverse mortgage advisor acting on behalf of Wells Fargo, made a misrepresentation of fact: that Mrs. Aldi could be added to the reverse mortgage when she reached the age of 62.  Neither a guarantee nor an agreement to agree in the future is necessary to plaintiffs' claim for negligent misrepresentation.  Indeed, Mr. Delmato's statement of fact was allegedly never accurate.  Plaintiffs will be left to their proof as to whether they, as laypeople, reasonably relied on Mr. Delmato's statements.

### F.  Statute of Frauds

Defendants argue that plaintiffs' promissory estoppel, breach of agreement, and declaratory judgment claims should be dismissed because they are barred by the statute of frauds.

Connecticut's statute of frauds provides that no civil action may be maintained upon any agreement for the sale of real property or any interest in or concerning real property unless the agreement is made in writing.  Conn. Gen. Stat. § 52-550(a)(4).  However, the doctrine of part performance may bar a party from asserting the statute of frauds as a defense.  Glazer v. Dress Barn, Inc., 274 Conn. 33, 61 (2005).

> [T]he elements required for part performance are: (1) statements, acts or omissions that lead a party to act to his detriment in reliance on the contract; (2) knowledge or assent to the party's actions in reliance on the contract; and (3) acts that unmistakably point to the contract. See Baliles v. Cities Service Co., 578 S.W.2d 621, 624 (Tenn.1979) ([e]quitable estoppel, in the modern sense, arises from the conduct of

> the party, using that word in its broadest meaning, as including his spoken or written words, his positive acts, and his silence or negative omission to do anything). Under this test, two separate but related criteria are met that warrant precluding a party from asserting the statute of frauds. H. Pearce Real Estate Co. v. Kaiser, 176 Conn. 442, 443, 408 A.2d 230 (1979). First, part performance satisfies the evidentiary function of the statute of frauds by providing proof of the contract itself. Id.; see Heyman v. CBS, Inc., 178 Conn. 215, 221, 423 A.2d 887 (1979) (primary purpose of the statute [of frauds] is to provide reliable evidence of the existence and the terms of the contract). Second, the inducement of reliance on the oral agreement implicates the equitable principle underlying estoppel because repudiation of the contract by the other party would amount to the perpetration of a fraud. H. Pearce Real Estate Co. v. Kaiser, supra, at 443, 408 A.2d 230.

Glazer 274 Conn. at 62.

Here, in reliance on defendants' representations, Mrs. Aldi quit-claimed her interest in the marital home to Mr. Aldi, who then entered into a reverse mortgage with Wells Fargo. Defendants had knowledge of plaintiffs' reliance, as defendants suggested such action. Finally, plaintiffs' attempt to add Mrs. Aldi to the reverse mortgage when she reached the age of 62 clearly implicates the contract. Accordingly, plaintiffs' claims will not be dismissed based on defendants' statute of frauds defense.

### G. Promissory Estoppel

Defendants submit that Mrs. Aldi cannot simply be added to Mr. Aldi's reverse mortgage with Wells Fargo. Defendants clarify that such an "addition" would have to be accomplished via a transaction in which Mrs. Aldi re-obtained an interest in the property and the reverse mortgage was refinanced. Moreover, as the U.S. Department of Housing and Urban Development was a party to the original transaction, it would have to assent to any new agreement. This, defendants argue, demonstrates that Mr. Delmato's alleged promises were not sufficiently definite to support promissory estoppel. Indeed, "[a] fundamental element of promissory estoppel . . . is the

9

existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance." D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 213 (1987).

Promissory Estoppel contains "two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." Escribano v. Greater Hartford Academy of Arts, Fed. Appx. 39, 43 (2d Cir. 2011) (quoting Abbot Terrace Health Ctr., Inc v. Parawich, 120 Conn. App. 78, 86 (2010)). "Although the promise must be clear and definite, it need not be the equivalent of an offer to enter into a contract because the prerequisite for application of the doctrine of promissory estoppel is a promise and not a bargain and not an offer." Stewart v. Cendant Mobility Services Corp., 267 Conn. 96, 105 (2003) (internal quotations omitted).

Defendants contention that adding Mrs. Aldi to the reverse mortgage would be inconvenient if not impracticable is immaterial. Mr. Delmato, intending to induce plaintiffs to act, promised that Mrs. Aldi could be added to the reverse mortgage. Mr. Delmato clearly stated that such addition could occur when Mrs. Aldi reached the age of 62. Plaintiffs relied on Mr. Delmato's representation, thereby incurring injury.

Mr. Delmato's promise was sufficiently definite to support a claim for promissory estoppel. Accordingly, this claim will not be dismissed for failure to state a claim.

**H. Breach of Agreement**

Defendants argue that plaintiffs' claim for breach of agreement fails to state a claim upon which relief can be granted because it is not supported by adequate consideration. Defendants

contend that any consideration given by Mrs. Aldi when she quit-claimed her interest in the property was given to Mr. Aldi rather than to Wells Fargo.

> A consideration has been defined as a benefit to the party promising, or a loss or detriment to the party to whom the promise is made.  And so it has been said that every sufficient consideration, although not technically an estoppel, contains the substantial elements of an estoppel in pais, for, if a man by his promise induces another to change his situation and is then permitted to deny the validity of the promise, he is thus perpetrating a fraud, and injuring another by a false promise. The law will not permit this, but will hold him to the fulfillment of his undertaking.

Finlay v. Swirsky, 103 Conn. 624, 631 (1925).

Here, Plaintiffs suffered a loss or detriment.  Accordingly, plaintiffs' breach of contract claim will not be dismissed for failure to state a claim.

**I.  Declaratory Judgment**

Defendant argues that plaintiffs' request for declaratory judgment must be dismissed for failure to state a claim upon which relief can be granted because it fails to establish grounds that defendants violated 12 U.S.C. § 1715z-20, and no private right of action exists.

Plaintiffs' request declaratory relief pursuant to 12 U.S.C. § 1715z-20(j), which provides in pertinent part:

> The Secretary [of HUD] may not insure a home equity conversion mortgage under this section unless such mortgage provides that the homeowner's obligation to satisfy the loan obligation is deferred until the homeowner's death, the sale of the home, or the occurrence of other events specified in regulations of the Secretary. For purposes of this subsection, the term "homeowner" includes the spouse of a homeowner.

Plaintiffs pray for a declaratory judgment that the obligation to satisfy the loan is deferred until such time as both Mrs. and Mrs. Aldi satisfy the conditions set forth in 12 U.S.C. §1715z-20(j).

The United States District Court, District of Columbia ruled in Bennett v. Donovan 4 F.

Supp. 3d 5 (D.D.C. 2013) that HUD's decision to insure loans that did not protect surviving spouses was legal error.

> However, once those loans were consummated, an independent contractual relationship was created between the borrowing spouses and the thirdparty mortgagees. HUD's sole role after the creation of this contract was to insure these loans. Through Mortgagee Letter 2014–07, HUD has assured that in the future no further contracts which fail to protect surviving spouses will be consummated. Yet, nothing in [Bennett] guaranteed surviving spouses the right to have their deceased spouses' HECMs assigned to HUD.

Plunkett v. Castro, 2014 WL 4243384 *13 (D.D.C. August 28, 2014).

The Court in Plunkett remanded the case to HUD to consider whether potential remedies for the plaintiffs in that case should be extended to all similarly situated mortgagors.

In the instant case, the Court agrees with defendants that 12 U.S.C. § 1715z-20 governs HUD's insurance of reverse mortgages, not the independent contractual relationship between mortgagors and mortgagees.  Indeed, Section 1715z-20(j) explicitly prevents HUD from insuring reverse mortgages such as the one at issue in this case.  That HUD erred by doing so does not create a cause of action running from plaintiffs to defendants.  Accordingly, plaintiffs' claim for declaratory judgment pursuant to 12 U.S.C. § 1715z-20(j) will be dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED in part and DENIED in part.  Plaintiffs' claim for declaratory judgment (Count V) is dismissed, but plaintiffs' other claims (Counts I-IV) remain.

Dated this 17th day of February, 2015, at Bridgeport, Connecticut.

                        /s/Warren W. Eginton
                        WARREN W. EGINTON
                        SENIOR UNITED STATES DISTRICT JUDGE